Eli Dalton-Webb
5009 E. Ironwood Circle
Sierra Vista, Arizona 85650
email: dw4az@proton.me
*Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Eli Dalton-Webb, | Case No. |
| | CV-25-00553-TUC-SHR |
| Plaintiff | |
| | |
| v. | Assigned to: |
| | |
| CITY OF SIERRA VISTA, a municipal corporation in Arizona, OFFICER E. SLUSSER, OFFICER R. Hertman, OFFICER S. McHuntting, OFFICER W. PARTIDGE, in both their personal and official capacities as peace officers of the Sierra Vista Police Department, JOHN DOES I-X, JANE DOES I-X, ABC CORPORATIONS I-X, XYZ PARTNERSHIPS I-X, UKNOWN ENTITIES I-X | Civil Rights; 42 U.S.C. § 1983; First Amendment; Fourteenth Amendment; Fourth Amendment; relevant laws |
| | **COMPLAINT** |
| Defendants | |

## INITIAL COMPLAINT

1. This is a civil-rights action arising from Sierra Vista police officers' detention and threatened arrest of Plaintiff while he peacefully gathered ballot-access signatures in a public park during a community event. Petition circulation is core political speech, and public parks are classic public forums. Detaining Plaintiff, ordering him to stop petitioning in vaguely defined areas, and threatening arrest

chilled and burdened his speech and petition activity, and unlawfully seized his person without reasonable suspicion.

2. Plaintiff seeks equitable relief, monetary relief, and attorneys' fees to remedy ongoing and past violations and to ensure Sierra Vista trains its officers not to suppress constitutionally protected petitioning in public parks.

## JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments of the US federal constitution.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events occurred in Cochise County, Arizona, and Defendant(s) reside or are located in this District.

## PARTIES

5. Plaintiff, Mr. Dalton-Webb, is a resident of Cochise County, Arizona.

6. Defendant City of Sierra Vista is an Arizona municipal corporation responsible for the policies, practices, and customs of the Sierra Vista Police Department ("SVPD") and for training, supervision, and discipline of its officers.

7. Defendant Officer E. Slusser is, and at all relevant times was, an SVPD officer acting under color of state law. He is sued in **BOTH** his individual and official capacities.

8. Defendant Officer R. Hertman is, and at all relevant times was, an SVPD officer acting under color of state law. He is sued in **BOTH** his individual and official capacities.

9. Defendant Officer W. Partridge is, and at all relevant times was, an SVPD officer acting under color of state law. She is sued in **BOTH** her individual and official capacities.

10. Defendants John Does, and all other unknown defendants are hereby sued.

## BACKGROUND

11. On 7 October 2023 and 8 October 2023, at "Veteran's Memorial Park", a park owned by the City of Sierra Vista, the City of Sierra Vista permitted a private organization to host an event at Veteran's Memorial Park. This event was known as "Art in the Park".

12. On 7 October 2023, Mr. Dalton-Webb was accompanied by Bryce Yokem, collecting signatures for ballot access for the Cochise County Libertarian Party, in accordance with A.R.S. § 16-802.

13. "Petition Circulators", for the date of 7 October 2023, shall refer to Eli Dalton-Webb and Bryce Yokem, unless otherwise not within the meaning.

14. A woman ("Unknown Woman #1") approached Petition Circulators, demanding that Petition Circulators stop petitioning in the park.

15. At some point, police were called and/or alerted to meet Petition Circulators in an area other than the area where the Art in the Park tents and vendors were at.

16. Two peace officers of the City, one female and one male, confronted Petition Circulators, returned public records from the City of Sierra Vista showed "WPartidge SVPD" as a responding officer, and it is unclear who the other officer is. Upon information and belief, the other officer is McHuntting. Plaintiff intends to discover who the other officer is during discovery of this civil action.

17. Using the standard of a reasonable person believing they are not free to leave, Petition Circulators were detained while instructed not to petition in a vaguely defined area of the park.

18. Using the above-mentioned standard of being detained, Petition Circulators had their rights violated under Article 2 § 5 of the Arizona Constitution. The peace officers knew, before talking to Petition Circulators, that it was political speech that the Unknown Woman #1 was complaining about. The peace officers continued to detain Petition Circulators, learning and reinforcing their learning that it was not only political speech, but petition activity at the park. Even after learning that it was a political petition being circulated, they were completely undeterred and continued to detain and instruct them not to petition.

19. It should be noted that there are a limited number of events in Cochise County in which massive amounts of qualified signers gather in such a way that a petition circulator can collect signatures. Out of that number of events, consider that many events are on private property in which property owners routinely kick out petition circulators, making the total events for petition circulators to collect

signatures even less. Any event with qualified signers outside and available for petition circulators to collect signatures is unique and valuable time.

20. Petition Circulators were damaged by the time wasted by being detained by police, and given unconstitutional instructions. Instead of collecting signatures during unique and valuable time, Petition Circulators were being instructed by the police. This could have been resolved if the police were trained on the Constitution. The police already identified that petition circulation was the activity, in which they were then constitutionally obligated to communicate with Petition Circulators that they were free to leave and free to continue to petition at the park. The police are therefore liable for all time wasted detaining Petition Circulators, causing the damage to their petition circulation efforts during this unique and valuable time during an event.

21. In addition, Defendants caused harm to Plaintiff for not only the time being detained, but harm done for the time after they were instructed to not petition at the park.

22. The organizers of Art in the Park elected to use government resources and government property to host their event by hosting their event at Veterans Memorial Park, a park owned by the City of Sierra Vista. They could have used any private venue other than a government-owned park.

23. Petition Circulators were confused as to which area of the park was rented and which areas of the park they were and were (allegedly) not allowed to petition at. They repeatedly expressed this confusion. At Art in the Park, there were no cones, no

marked lines on the ground, no entry fees, no fences, or anything else that would clearly separate separate a space in the park where the Petition Circulators had a right to petition areas in the park where they were (allegedly) not allowed to petition[1].

24. Petition Circulators were instructed to use "common sense" to determine where to and not to exercise their right to petition.

25. On the next day, Sunday, 8 October 2023, Eli Dalton-Webb returned to Veteran's Memorial Park to petition. Bryce Yokem was afraid from the day before and refused to participate with petition circulation, due to fear of police.

26. This fear of the police is warranted, as Eli Dalton-Webb and Bryce Yokem were given unclear instructions. At any moment, if they violated any of the unclear instructions, they could be subject to arrest and criminal prosecution.

27. Eli Dalton-Webb circulated his petition by himself on 8 October 2023.

28. Pursuant to the police's instructions, Eli Dalton-Webb used his own judgment (i.e. "common sense") and kept a distance from the Art in the Park tents while petitioning.

29. The Plaintiff's following instructions was not good enough for Defendants, so Officer Hertman detained Plaintiff.

30. Officer Hertman detained the Plaintiff. Officer Hertman specifically said "I'm detaining you".

31. Officer Slusser threatened to arrest Plaintiff if he continued to petition in the vaguely defined areas of the park.

---

1  Plaintiff does not agree with the assertion that the government is allowed to section off any portion of the park and deny the right to petition in such area.

32. Officer Slusser not only instructed Plaintiff to not petition in vague areas of the park, but also instructed Plaintiff to not petition anyone leaving the event. This expanded the "WHERE" question to a "WHO" question, which violated further Plaintiff's rights.

33. Officer Slusser read out loud Article 2 § 5 of the Arizona Constitution from Officer Slusser's phone, with Officer Hertman and Plaintiff present to hear.

34. Reading Article 2 § 5 did not change the outcome of the threatened arrest for exercising the right to petition.

35. Plaintiff was clearly and visibly possessing a clipboard when interacting with Officer Slusser.

36. The City and its officers are responsible for gross negligence and/or willful negligence for continuing to violate Plaintiff's right to petition, as the City and its officers had overnight to do legal research and communicate with police command, and additionally, Officer Slusser read Article 2 § 5 of the Arizona Constitution and became conscientiously aware of the Plaintiff's rights.

37. Plaintiff filed a Notice of Claim, describing the issues, and Defendant City refused to speak with Plaintiff to address the issue, even for a non-monetary resolution.

38. Defendant City Attorney stated "there were no violations of any laws" when asked regarding this.

39. The City of Sierra Vista has zero remorse for violating the rights of Plaintiff and has no plans to fix this problem in the future.

40. Plaintiff hereby clarifies that the lack of mentioning any right shall not be construed as an exclusion of a right of another.

41. The City and its officers violated Plaintiff's rights of free speech, right to petition, right to assemble, right to free exercise of elections, right to not be deprived of liberty without due process of law, right to privacy and other rights. The City and its officers caused damage to the Plaintiff's efforts, as the Plaintiff suffered actual harm due to reduced signatures he collected, and is entitled to nominal damages and other monetary relief for this, in addition to other harms.

42. The City and its officers seized Plaintiff's person, unlawfully imprisoned/detained/arrested Plaintiff, and interrupted Plaintiff's affairs, which is a violation of Article 2 Sections 4 and 8 of the Arizona Constitution. Plaintiff is entitled to nominal damages and other monetary relief for this, in addition to other harms, damages, and relief.

43. There is no adequate remedy, and Defendants are likely continue their violations, absent action from this Court.

## CAUSES OF ACTION

44. Petition circulation is core political speech protected by the First Amendment. Veterans Memorial Park is a traditional public forum. By detaining Plaintiff, directing him to stop petitioning in vaguely defined areas, and threatening arrest for continuing to petition, Defendants burdened and chilled Plaintiff's speech and petition activity. Plaintiff hereby sues under 42 U.S.C. § 1983, the First

Amendment, the Fourth Amendment, the Fourteenth Amendment, and any other applicable law.

45. A person is seized when a reasonable person would not feel free to leave, evaluated under the totality of circumstances. Detentions must be supported by reasonable suspicion of criminal activity. Here, officers detained Plaintiff and threatened arrest without reasonable suspicion; the only identified conduct was protected petitioning.

## REQUESTED RELIEF

Plaintiff respectfully requests the following relief:

46. Declaratory judgment against Defendants, declaring it unconstitutional to interfere with petition circulators at a government-owned park, and any other declaratory relief as is just, proper, or equitable under the facts and circumstances of this case.

47. Injunctive relief against Defendants, to stop future violations from occurring, and any other injunctive relief as is just, proper, or equitable under the facts and circumstances of this case.

48. Monetary relief, paid by Defendants, for various damages incurred to Plaintiff and community, not excluding compensatory damages, nominal damages, any applicable statutory damages, and punitive damages to discourage Defendants from continuing such constitutional violations, and any other monetary relief as is just, proper, or equitable under the facts and circumstances of this case.

49. Attorney's fees and any other legal costs.

50. Awarding the Plaintiff all other relief as is just, proper, or equitable under the facts and circumstances of this case.

## VERIFICATION

I, Eli Dalton-Webb, have read the foregoing Complaint and am familiar with the facts and circumstances as alleged therein, and hereby state, under penalty of perjury, that the allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Dated this day, 3 October 2025.

_____

Eli Dalton-Webb, *Plaintiff*